SUAREZ, J.
(specially concurring).
I write only to explain my reason for concurring in this case. To state that the facts underlying the case and, in particular, the order on appeal, are unusual, is an understatement. We are faced right now with an order from the trial court in which the trial court has stated that it MAY dismiss the case brought by Petitioners should they not appear for deposition. Do we think that the trial court will go through with the “sanction” it has stated in the order should the relatives not appear, in a word, yes. But, as all lawyers and judges know, the trial coprt may find another way to get a case moving along other than to follow through on what it has stated might occur. Additionally, in order not to be dismissed from this case and face appeal, the Petitioners may arrive at an amicable way to resolve the deposition issue.
In other words, although the trial court MAY dismiss the Petitioners, it has not done so nor did it state that it WOULD do so, only that it MAY do so. As such, no irreparable harm has occurred at this point. Petitions for Certiorari are sparingly granted on discovery issues. There must be irreparable harm and, as none has been suffered at this point, we would be second guessing the trial court and improperly entering into the discovery fray were we to grant this petition. It is not within our authority to attempt to prophesize the outcome. Ours is to wait, and rule only if there is irreparable harm or if a final appeal is eventually brought.
SUAREZ, J., concurs.